960 F.2d 152
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Lisa A. JOHNSON, D.D.S., Plaintiff-Appellant,
v.
B.H. LIQUIDATION CORPORATION; City of Hayward; South West
Leasing, Inc., Defendants-Appellees.
 No. 91-15507.
 United States Court of Appeals, Ninth Circuit.
 Argued March 12, 1992.
Submitted April 15, 1992.
Decided April 21, 1992.
 
 Before REINHARDT, NOONAN and DAVID R. THOMPSON, Circuit Judges.
 
 
 1
 ORDER*
 
 
 2
 At oral argument, we allowed South West 20 days from the date of argument in which to settle with Johnson or to submit a brief arguing that Johnson's conspiracy theory did not survive a motion to dismiss. The twenty days have expired and, as far as the record shows, South West has done neither. We reverse as to South West and remand for further proceedings.
 
 
 3
 A private party is liable under 42 U.S.C. § 1983 (1988) when it has conspired with state actors to violate the plaintiff's constitutional rights. Adickes v. S.H. Kress & Co., 398 U.S. 144 (1970). To state a claim under § 1983, the plaintiff must allege 1) that the defendant acted under color of state law and 2) that it caused her to be deprived of a right secured by the Constitution and laws of the United States. Howerton v. Gabica, 708 F.2d 380, 382 (9th Cir.1983).
 
 
 4
 Johnson's complaint alleged that South West acted under color of state law. It alleged that South West conspired with Hayward police officers to repossess her automobile. Such police involvement in repossession can constitute a conspiracy and make the private repossessor liable under § 1983. Howerton v. Gabica, 708 F.2d 380 (9th Cir.1983). The repossession becomes state action if the police actively assisted the repossessor but not if they stood by passively. Howerton v. Gabica, 708 F.2d 380, 383-84 (9th Cir.1983); Harris v. City of Roseburg, 664 F.2d 1121, 1125-27 (9th Cir.1981); Menchaca v. Chrysler Credit Corp., 613 F.2d 507, 510-13 (5th Cir.), cert. denied, 449 U.S. 953 (1980); United States v. Coleman, 628 F.2d 961, 963-66 (6th Cir.1980). Here the allegations that the police initiated the repossession, surrounded Johnson's home, told Johnson they were assisting in the repossession, and threatened to arrest her if she resisted show sufficient assistance to clothe the repossession with state sanction.
 
 
 5
 The complaint also alleges that South West deprived Johnson of a federal right: the Fourteenth Amendment right not to be deprived of property without due process of law. Once the state-action requirement is met, a private party is legally capable of depriving a plaintiff of property without due process. Lugar v. Edmondson Oil Co., 457 U.S. 922, 941 (1982). Read charitably, Johnson's complaint alleges that South West or its agents seized her automobile in violation of her lease contract, without any process at all. This deprivation of property without legal justification states a claim.
 
 
 6
 The district court properly dismissed the § 1983 claim against the City of Hayward because Johnson has not alleged a municipal policy or custom. Monell v. Department of Social Services, 436 U.S. 658, 694 (1978). The court properly dismissed the claim against B.H. Liquidating because it had not been served. Mullane v. Central Hanover Trust Co., 339 U.S. 306 (1950). The court dismissed all of the state-law claims because it believed that there was no federal claim to confer subject-matter jurisdiction.
 
 
 7
 We therefore REVERSE the district court's dismissal as to South West; AFFIRM as to the other defendants; and REMAND for further proceedings, including a redetermination of whether the court should exercise its discretion to entertain Johnson's pendent state-law claims against South West.
 
 
 
 *
 This order is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3